IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER OLEJNIK, KATHERINE OLEJNIK,
KENNETH OLEJNIK and JOANN OLEJNIK,

          Plaintiffs,                   OPINION & ORDER

  v.

                                               14-cv-88-jdp

TRACI J. ENGLAND, ONEIDA COUNTY,
and WISCONSIN COUNTY MUTUAL
INSURANCE CORPORATION,

          Defendants.

---

      This is a civil case against defendant Tracy J. England, who was the medical examiner for Oneida County, also a defendant here. England has pled guilty in state court to criminal charges arising from her unauthorized use of cadaver tissue to train cadaver-sniffing dogs. In this court, plaintiffs bring civil claims under state law and under 42 U.S.C. § 1983 seeking to recover damages from defendants arising from England's actions.

      Wisconsin County Mutual Insurance Company (County Mutual) seeks to intervene in this case to protect its interests, primarily by asking this court to determine that plaintiffs' claims against England are not covered by County Mutual's policy issued to the county. Dkt. 7. In the same filing, County Mutual also moves to bifurcate the case to separate the coverage issue from the underlying liability issues and to stay determination of liability until coverage has been decided. County Mutual's motion to intervene is appropriate under Rule 24(a)(2). It is unopposed and it will be granted. But the court will deny County Mutual's motion to bifurcate and stay.

The procedural maneuver proposed by County Mutual is recognized as appropriate in Wisconsin state courts. *See, e.g. Newhouse by Skow v. Citizens Sec. Mut. Ins. Company*, 176 Wis. 2d 824, 836, 501 N.W. 2d 1, 6 (1993). This procedure protects the insurance company from exposure to damages beyond its policy limits in the event that the underlying claim turns out to be covered, and it also prevents the insurance company from having to fund a defense to a claim that it may not be obligated to pay under the terms of the insurance contract. But the procedure comes at the cost of substantial delay in the underlying action. To prevent such delay, this court has regularly denied requests similar to the one County Mutual makes here. *See, e.g., B.A. v. Bohlmann*, 09-cv-346, 2010 WL 4065430 (W.D. Wis. Oct. 15, 2010).

The court is bound by state substantive law pertaining to the insurance contract, but it applies its own procedural rules. *Wallace v. McGlothan*, 607 F.3d 410, 419 (7th Cir. 2010) (citing *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938)); *see also Estate of Watts v. Heine,* No. 07-cv-644, 2008 WL 4056317, at *2 (E.D. Wis. Aug. 25, 2008) (denying insurer's motion for bifurcation and stay). As plaintiffs note, bifurcation and stay will delay resolution of their claims against England. Dkt. 14. Because definitive resolution of the coverage issue might include resolution of an appeal of this court's coverage decision, the delay caused by bifurcation and stay might well be considerable.

Plaintiffs suggest that discovery needed on coverage issues would almost certainly overlap with discovery on liability issues. But that argument is questionable, because ordinarily coverage and the duty to defend are triggered by allegations within the four corners of the complaint. *Newhouse*, 176 Wis. 2d at 835. Thus, County Mutual should be able to present a motion for summary judgment on the coverage issue promptly. If that presentation is particularly compelling, or if plaintiffs have not advanced their case significantly by the

time such a motion is filed, this court would revisit the bifurcation and stay issue on a renewed motion.

Given County Mutual's diligence in extending coverage under a reservation of rights and seeking this bifurcation and stay, it has taken prudent steps to avoid exposure for damages in excess of its policy limits. Although, as a result of the court's decision, County Mutual will continue to bear the ongoing expense of England's defense to the underlying claims, the expeditious resolution of this case will, on balance, benefit all concerned.

ORDER

County Mutual's motion, Dkt. 7, is granted in part. The motion to intervene is GRANTED. County Mutual's motion to bifurcate and stay is DENIED, without prejudice to refiling such a motion after County Mutual presents a motion for summary judgment.

Entered this 7th day of August, 2014.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge