UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Walter and Katherine Olejnik<br>Kenneth Olejnik<br>Joann Olejnik,<br><br>        Plaintiffs,<br><br>v.<br><br>Traci J. England<br>Oneida County,<br><br>        Defendants,<br>and<br><br>Wisconsin County Mutual Insurance<br>Corporation,<br><br>        Intervener-Defendant. | Case No. 3:14-cv-00088- jdp<br><br>Removed from the Circuit Court of<br>Oneida County:<br><br>Case No. 14-CV-09 |

**QUALIFIED PROTECTIVE ORDER PURSUANT TO 45 C.F.R. § 164.512(e)(1)(v)**

Having considered the joint submission of the parties, and finding good cause for the entry of a Qualified Protective Order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and to provide the satisfactory assurance described in 45 C.F.R. § 164.512(e)(1)(iv) so as to facilitate the disclosure of certain protected health information as that term is defined in 45 C.F.R. § 160.103 ("PHI"), the following Qualified Protective Order is entered by the Court:

(1)   The parties, except for Traci J. England, and counsel of record are prohibited from using or disclosing any PHI pertaining to Traci J. England, a defendant herein, for any purpose other than this litigation.

(2)   The parties, except for Traci J. England, and counsel of record shall destroy or return to Shirley Limberg or Shirley Limberg & Associates any PHI relating to Traci J. England

that is initially disclosed by Shirley Limberg or Shirley Limberg & Associates (including all copies made) at the end of this litigation.

(3) All parties, except Traci J. England, and counsel of record who come into possession of PHI pertaining to Traci J. England shall designate it "Confidential" and treat it in accordance with the terms of the Protective Order entered on March 10, 2014.

Nothing in this Qualified Protective Order shall be construed to prevent a party or nonparty from seeking such further provisions or relief hereunder regarding confidentiality as may be appropriate.

Nothing in this Qualified Protective Order shall be construed as a waiver by a party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

IT IS SO ORDERED this 31ST day of DECEMBER, 2014.

_____
Honorable Stephen L. Crocker
U.S. Magistrate Judge, Western District

BWJ:mtp/443784